[No. A067094. First Dist., Div. Three. Mar. 28, 1995.]

SCOTT ANTHONY ELLIS, Petitioner, v.
THE MUNICIPAL COURT FOR THE SAN MATEO JUDICIAL
DISTRICT OF SAN MATEO COUNTY et al., Respondents;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Geoffrey Rotwein for Petitioner.

No appearance for Respondents.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Mark S. Howell, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**MERRILL, J.**—This petition for writ of mandate challenges decisions by the San Mateo County Municipal and Superior Courts refusing to stay the municipal court trial of Scott Anthony Ellis pending his appeal to the appellate department of the superior court from denial of his Penal Code

section 1538.5[1] suppression motion. Appeal is the only pretrial remedy for an erroneous ruling on his suppression motion. The issue raised here is whether a stay is automatic, as claimed by Mr. Ellis, or within the courts' discretion. We conclude it is a matter of discretion, but that the municipal court failed to exercise its discretion. We direct issuance of a writ of mandate to the municipal court.

On July 20, 1994, Mr. Ellis was charged by complaint in San Mateo County Municipal Court with two misdemeanors: driving under the influence of alcohol and driving without a valid driver's license (Veh. Code, §§ 23152 & 12500). He moved to suppress evidence under section 1538.5. The motion was heard and denied August 31, 1994. Mr. Ellis promptly presented a notice of appeal from the suppression ruling and asked the municipal court to stay the trial pending resolution of the appeal to the Appellate Department of the Superior Court of San Mateo County. The People did not comment on his request, which the court denied, stating only: "You certainly can get that from the Superior Court if they want to give it to you." The court set trial for September 13, 1994.

Mr. Ellis then applied to the superior court for a stay of the trial, citing section 1538.5, subdivision (j), which authorizes appeal from a suppression ruling on a misdemeanor complaint. The People filed no opposition and on September 7, 1994, the court denied the request without a hearing or statement of reasons. This petition followed. We issued a stay of the trial pending determination of the petition.

Section 1538.5, subdivision (j), provides in part that "[i]f the property or evidence seized relates solely to a misdemeanor complaint, and the defendant made a motion for the return of property or the suppression of evidence in the municipal court or justice court prior to trial, both the people and defendant shall have the right to appeal any decision of that court relating to that motion to the superior court of the county in which the inferior court is located . . . ." Subdivision (*l*) provides that if the defendant's motion is *granted* "the trial of a criminal case shall be stayed to a specified date pending the termination in the appellate courts."

The statute does not provide for a stay when the defendant's motion is *denied*, but it does state that "[i]n case of an appeal by the defendant in a

---

[1]Unless otherwise indicated, all further references are to the Penal Code.

misdemeanor case from the denial of the motion, he or she shall be entitled to bail as a matter of right, and, in the discretion of the trial or appellate court, may be released on his or her own recognizance pursuant to Section 1318." (§ 1538.5, subd. (*l*).) It also provides that this appeal is "the sole and exclusive" remedy prior to conviction, but that a defendant may seek further review of the validity of a search or seizure on appeal from a conviction, even if the conviction is based upon a guilty plea. (*Id.*, subd. (m).)

Mr. Ellis maintains he has an absolute right to a stay pending appeal from denial of his suppression motion. He contends that without such a stay his appeal cannot be perfected and his right to a pretrial appeal will be lost. He asserts that a postconviction appeal is not an "adequate or intended substitute" for the statutory pretrial appeal.

The People point to legislation imposing a duty upon "all courts and judicial officers and . . . all counsel, both for the prosecution and the defense, to expedite these proceedings to the greatest degree that is consistent with the ends of justice." (§ 1050.) They assert that a defendant's right to both a pretrial and postconviction appeal is a "very costly, time-consuming duplication of appellate resources" and that an automatic stay would create a potential for "tremendous abuse by misdemeanor defendants hoping to delay or to avoid trial." The People suggest that the burden should be on the defendant to show that the ends of justice compel a stay and that Mr. Ellis did not meet his burden here. They contend neither the municipal court nor the superior court abused its discretion in denying a stay.

No decision cited by the parties or discovered by this court addresses the issue, which we resolve by considering the wording of the statute. The Legislature's statement that trial "shall be stayed" if the defendant's motion is *granted* (§ 1538.5, subd. (*l*)), implies that trial is not *automatically* stayed in the converse situation, when defendant's motion is *denied*. On the other hand, a "right" to appeal "prior to trial" (§ 1538.5, subd. (j)) and a provision for bail or own-recognizance release suggest that misdemeanor trials may under some circumstances await resolution of these appeals. Harmonizing these two subdivisions, we conclude a stay is not automatic, and the trial court has discretion to grant or deny a stay of the trial pending appeal by the defendant.

In this case, the municipal court having failed to exercise its discretion, we grant the petition for writ of mandate. We direct issuance of our writ to the municipal court.[2]

Let a peremptory writ of mandate issue, directing the San Mateo County Municipal Court to vacate its order denying the stay and to issue an order staying the municipal court trial pending appeal of the denial of the section 1538.5 suppression motion in the appellate department of the superior court.

Chin, P. J., and Corrigan, J., concurred.

---

[2]We realize that Code of Civil Procedure section 904.1, subdivision (a)(1), authorizes appellate court writ review of a superior court's refusal to grant a writ against the municipal court. Here, where petitioner applied to the superior court for a stay, not a writ, we consider it appropriate and more efficient to direct our writ to the municipal court instead of the superior court.